IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISON

| | | |
|---|---|---|
| DONNA J. MILLER | : | Civil Action No. ______________ |
| Plaintiff, | : | |
| vs. | : | |
| MID AMERICAN COLLECTIONS | : | |
| Defendant. | : | |

COMPLAINT

Plaintiff Donna J. Miller, by her attorney Ray Johnson, for her claims against the Defendant states:

I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § § 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

III. PARTIES

3. Plaintiff is a natural persons residing in Ollie, Iowa.

4. Defendant, Mid American Collections (hereinafter "Mid American") is a business engaged in the collection of debts in the state of Iowa with its principal place of business located in Burlington, Iowa.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

IV. FACTUAL ALLEGATIONS

6. The Plaintiff has an alleged medical debt which Mid American was attempting to collect.

7. From February of 1998 through November of 2004, Plaintiff sent Mid American several checks totaling $185 in response to outrageous, abusive, and aggressive collection tactics. The payments sent by Plaintiff to Mid American were improperly applied to the alleged debt because Mid American was illegally charging Plaintiff interest and legal fees. As a result, Mid American has been attempting to collect an amount that Plaintiff does not owe.

8. On November 1, 2004, Rick Sattler of Mid American called Plaintiff and told her he wanted to take her out to dinner and that he would like hot candle wax poured on his body. When Plaintiff told Sattler she had a boyfriend, Sattler asked Plaintiff if her boyfriend loved her; he also stated that if her boyfriend loved her, she should get him to pay the bill for her.

9. On March 13, 2006, Plaintiff sent Mid American a cease communication letter.

10. In October of 2006, Mid American called Plaintiff at her home in an attempt to collect the alleged debt.

11. In January of 2007, a co-worker of Plaintiff's handed her his cell phone. The co-worker's wife worked at Mid-American and she was on the line. The Mid American employee threatened to have Plaintiff arrested and/or jailed unless she paid the alleged debt.

## V. FIRST CLAIM FOR RELIEF

12. All facts and allegations of this Complaint are incorporated herein by reference.

13. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

a. Mid American violated 15 U.S.C. § 1692c(b) by communicating in connection with the collection of the alleged debt with an unauthorized third party;

b. Mid American violated 15 U.S.C. § 1692c(c) by contacting Plaintiff after she had notified Defendant to cease further communications;

c. Mid American violated 15 U.S.C. § 1692e(2) by misrepresenting the character, amount, or legal status of the alleged debt;

d. Mid American violated 15 U.S.C. § 1682e(4) by representing that nonpayment of the alleged debt will result in the arrest or imprisonment of any person;

e. Mid American violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law.

14. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for statutory damages, actual damages, including damages for emotional distress, costs and attorney's fees.

**WHEREFORE**, Plaintiffs respectfully requests that judgment be entered against the Defendant for the following:

A. Actual damages;

B. Statutory damages pursuant to 15 U.S.C. § 1692k.

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

D. For such other relief as the Court deems appropriate in the circumstances.

Respectfully submitted,

RAY JOHNSON
AT0004019
Johnson Law Firm
950 Office Park Road
Suite 335
W. Des Moines, Iowa 50265
Phone: (515) 224-7090
Fax: (515) 222-2656
Johnsonlaw29@aol.com